## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAEEM MILLER, NAEEM WILLIAMS; YSNAISHA MILLER; ESTATE OF MICHELLE MILLER, JANNA MILLER; RASHEED MILLER, <br><br>            Plaintiffs, <br><br> v. <br><br> GREGORY DEMATTIA; MURAD MUHAMMAD; STATE OF NEW JERSEY; CITY OF NEWARK, NEW JERSEY; JOHN DOE NO. 1 THROUGH 10, (TRUE IDENTITY BEING PRESENTLY UNKNOWN AND GENDER NEUTRAL), INDIVIDUALLY AND IN THEIR RESPECTIVE OFFICIAL CAPACITY, <br><br>            Defendants. | Civil Action No. 24-4328 (MCA)(AME) <br><br> CIVIL ACTION <br><br><br> **DEFENDANTS, CITY OF NEWARK AND MURAD MUHAMMAD'S MEMORANDUM OF LAW IN SUPPORT THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6) IN LIEU OF ANSWER** |

Victor A. Afanador, Esq.
*Of Counsel*

Maria Tavano, Esq.
Nicholas R. McClelland, Esq.
*On the Brief*

                         **LITE DEPALMA GREENBERG & AFANADOR, LLC**
                         Victor A. Afanador, Esq.
                         Maria Tavano, Esq.
                         Nicholas R. McClelland, Esq.
                         570 Broad Street, Suite 1201
                         Newark, NJ 07102
                         Tel: 973-623-3000
                         *Attorneys for Defendants, City of Newark and Murad Muhammad*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..........................................................................................iii

PRELIMINARY STATEMENT..................................................................................1

FACTUAL ALLEGATION FROM COMPLAINT.....................................................2

ARGUMENT

    I.    PURSUANT TO FED. R. CIV. P. 12(b)(6), PLAINTIFF FAILS
        TO STATE A CAUSE OF ACTION FOR WHICH RELIEF CAN
        BE GRANTED ..........................................................................................5

    II.    THE COMPLAINT FAILS TO ALLEGE ANY SPECIFIC
        CONDUCT BY DEFENDANT MUHAMMAD THAT CAN
        PLAUSIBLY STATE CONSTITUTIONAL VIOLATIONS,
        WARRANTING DISMISSAL OF CLAIMS AGAINST THE
        CITY DEFENDANTS AS A MATTER OF LAW ....................................7

    III.    DEFENDANT MUHAMMAD IS ENTITLED TO QUALIFIED
         IMMUNITY ............................................................................................10

    IV.    ADDITIONALLY, THE COMPLAINT FAILS TO ALLEGE
        FACTS SUFFICIENT TO STATE CLAIMS FOR DENIAL OF
        DUE PROCESS, DENIAL OF THE RIGHT TO A FAIR TRIAL
        AND MALICIOUS PROSECUTION UNDER THE FEDERAL
        PLEADING STANDARDS ....................................................................13

        A. Plaintiffs fail to assert a plausible § 1983 claim for denial of
           due process, liberty, and a fair trial under the Fourth, Fifth, Sixth
           and Fourteenth Amendments as against Defendant Muhammed........13

        B. Plaintiffs fail to assert a plausible § 1983 malicious prosecution
           claim under the Fourth, Fifth and Fourteenth Amendments
           against Defendant Muhammed...........................................................14

        C. Plaintiffs fail to assert a plausible § 1983 claim for denial of due
           process and a fair trial under the Fifth and Fourteenth Amendments
           as against Defendant Muhammad ......................................................15

i

V.    COUNT FOUR ALLEGING *MONELL* LIABILITY AGAINST
       THE CITY MUST BE DISMISSED BECAUSE PLAINTIFF
       CANNOT ESTABLISH CONSTITUTIONAL VIOLATION
       OR OTHERWISE STATE THE CLAIM .................................................17

CONCLUSION ........................................................................................20

# TABLE OF AUTHORITIES

*Cases*

*Andrews v. City of Philadelphia*,
   895 F.2d 1469 (3d Cir. 1990)....................................................................17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..........................................................................6, 20

*Bell Atlantic v. Twombly*,
   550 U.S. 544 (2007) ..........................................................................6, 20

*Bielevicz v. Dubinon*,
   915 F.2d 845 (3d Cir. 1990)....................................................................17

*Black v. Montgomery Cnty.*,
   835 F.3d 358 (3rd Cir. 2016) ..................................................................14

*Brady v. Maryland*,
   373 U.S. 83 (1963) ........................................................................*Passim*

*Brown v. Muhlenberg Twp.*,
   269 F.3d 205 (3d Cir. 2001)....................................................................17

*City of Canton v. Harris*,
   489 U.S. 378 (1989) ...............................................................................17

*City of Oklahoma City v. Tuttle*,
   471 U.S. 808 (1985) ...............................................................................18

*Chinchello v. Fenton*,
   805 F.2d 126 (3d Cir. 1986)......................................................................8

*Cone v. Bell*,
   556 U.S. 449 (2009) ...............................................................................16

*Connick v. Thompson*,
   563 U.S. 51 (2011) .................................................................................18

*DiBella v. Borough of Beachwood*,
   407 F.3d 599 (3d Cir. 2005)....................................................................14

*Ecurie Reve Avec Moi Inc. v. N.J. Racing Comm'n*,
   767 Fed. Appx. 233 (3d Cir. 2019)..........................................................11

*Estate of Smith v. Marasco*,
    318 F.3d 497 (3d Cir. 2003) ...................................................................... 14

*Forrest v. Parry*,
    930 F.3d 93 (3rd Cir. 2019) ........................................................................18

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009)....................................................................6, 20

*Gibson v. Superintendent of N.J. Dep't of Law and Public Safety*
    411 F.3d 427 (3d Cir. 2005)...............................................................9, 10, 12

*Gottlieb ex rel. Calabria v. Lauren Highlands Sch. Dist.*,
    272 F.3d 168 (3d Cir. 2001).........................................................................18

*Halsey v. Pfeiffer*,
    750 F.3d 273 (3d Cir. 2014) ...................................................................... 15

*Hill v. Borough of Kutztown*,
    455 F.3d 225 (3d Cir. 2006)........................................................................14

*Hunter v. Bryant*,
    502 U.S. 224 (1991) ...................................................................................11

*Maynard v. Gov't of the Virgin Islands*,
    392 Fed. Appx. 105 (3rd Cir. 2010)............................................................16

*Mitchell v. Forsyth*,
    472 U.S. 511 (1985) ...................................................................................12

*Monell v. Dep't of Soc. Servs. of City of New York*,
    436 U.S. 658 (1978) ................................................................17, 18, 19, 20

*Nguyen v. U.S. Cath. Conf.*,
    719 F.2d 52 (3d Cir. 1983)..........................................................................13

*Pearson v. Callahan*,
    555 U.S. 223 (2009) ...................................................................................11

*Rios v. City of Bayonne*
    No. 2:12-4716, 2013 U.S. Dist. LEXIS 161082 (D.N.J. Nov. 12, 2013)..............19

*Rizzo v. Goode*,
    423 U.S. 362 (1976) ...................................................................................8

*Saucier v. Katz,*
    533 U.S. 194 (2001) ............................................................................................11

*Sharrar v. Felsing,*
    128 F.3d 810 (3d Cir 1997) ..............................................................................11

*Sturm v. Clark,*
    835 F.2d 1009 (3d. Cir. 1987) .............................................................................5

*United States v. Brown,*
    595 F.3d 498 (3d Cir. 2010).................................................................................16

*United States v. Starusko,*
    729 F.2d 256 (3rd Cir. 1984) ..............................................................................16

*Wilson v. Layne,*
    526 U.S. 603 (1999) ............................................................................................11

*Woloszyn v. Cty. of Lawrence,*
    396 F.3d 314 (3d Cir. 2005)................................................................................18

*Wright v. City of Philadelphia,*
    409 F.3d 595 (3d Cir. 2005)................................................................................11

### Rules

*F.R.C.P.* 12(b)(6) ....................................................................................................5, 20

## **PRELIMINARY STATEMENT**

Plaintiffs, Naeem Miller, Naeem Williams, Ysnaisha Miller, Estate of Michelle Miller, Janna Miller and Rasheed Miller (collectively, "Plaintiffs") filed a Complaint in this matter against Defendants, Gregory DeMattia, Murad Muhammad, the State of New Jersey, the City of Newark and various fictitious defendants alleging various violations of Plaintiff Naeem Miller's federal constitutional rights pursuant to 42 U.S.C. 1983 and for monetary relief pursuant to 42 U.S.C. 1988 in connection with his vacated conviction. *See Certification of Victor A. Afanador, Esq. in support of the City Defendants' Motion to Dismiss, Exhibit A (Complaint).* More specifically, Plaintiffs allege the following causes of action against Defendants, City of Newark ("City") and former Newark police detective Murad Muhammad ("Defendant Muhammad") (together as the "City Defendants"):

- Count I - violations of the right to a liberty, due process, and a fair trial under the Fourth, Fifth, Sixth and Fourteenth Amendments against Defendant Muhammad;
- Count II - malicious prosecution under the Fourth, Fifth and Fourteenth Amendments against Defendant Muhammad;
- Count III - denial of due process and a fair trial under the Fifth and Fourteenth Amendments against Defendant Muhammad; and
- Count IV - a *Monell* claim against Defendant City of Newark.

Plaintiffs' claims against the City Defendants fail as a matter of law and must be dismissed. First, the claims against former Newark police detective Defendant Muhammad must be dismissed because they do not state a constitutional claim,

1

because Muhammad is entitled to qualified immunity and because the Complaint is woefully devoid of factual allegations sufficient to state a claim upon which relief may be granted.  Similarly, the Complaint must be dismissed as against the City of Newark because there is no underlying constitutional violation by a City Defendant and because the *Monell* claim is merely a formulaic recitation of the elements of the claim, completely devoid of any factual allegations demonstrating either a policy or custom at issue, the failure or inadequacy of training, deliberate indifference, or causation.  Accordingly, Counts I, II, III and IV as alleged against the City Defendants fail to state claims for which relief can be granted and must be dismissed as against these moving defendants.

## FACTUAL ALLEGATIONS FROM THE COMPLAINT

According to the Complaint, in 2004, Plaintiff was arrested, indicted, tried and convicted of murder and aggravated assault. (¶ 1). More specifically, Plaintiff Naeem Miller was arrested and indicted for the December 16, 2001 murder of Timothy Phillips and wounding of Stacey Davis. (¶ 35).[1]

Plaintiff alleges the murder of Mr. Phillips and injury to Mr. Davis were investigated by Defendant Murad Muhammad and Investigator Ben Powell of the

---

[1] All paragraph citations refer to the Complaint filed in this matter on or about March 28, 2024, bearing Docket Entry No. 1, submitted herewith as Exhibit A to the Certification of Victor A. Afanador, Esq. in support of the City Defendants' Motion to Dismiss.

Newark Police Department and that investigation resulted in the identification of two witnesses. (¶¶ 37).  The investigation determined that there were two eyewitnesses to the underlying crime, Felicia Wright and Mr. Davis. (¶ 38).

On or about January 18, 2022, a criminal complaint "which had been prepared, approved and filed by the "individual defendants" was filed against Plaintiff and the charges therein were based upon the statements of the witnesses, Wright and Davis. (¶¶ 39-40).  A grand jury indicted Plaintiff on May 16, 2003  for the charges of murder, aggravated assault and two counts of illegal weapons possession. (¶ 41).  A seven-day trial was held in March and April of 2005. (¶ 38). During the trial, Ms. Wright testified for the prosecution. (¶¶ 50, 55-56).[2]  After seven days of trial and deliberations, a jury convicted Plaintiff on all charges. (¶ 44).

Plaintiff alleges that "[o]n  or  about  February  8, 2005 . . . the individual defendants  requested  and  received  a  [Computerized  Criminal  History]  report regarding Ms. Wright from the New Jersey State Police" (hereinafter, the "CCH Report"). (¶ 62).  Plaintiff alleges the CCH Report contained information showing Ms. Wright had an open indictment issued in 2004 on criminal charges in Morris County, New Jersey. (¶ 63).  Plaintiff alleges the CCH Report constitutes Brady evidence which should have been disclosed to Plaintiff Miller as he was entitled to

---

[2] It is unclear from the language of the Complaint if Paragraphs 51-54 describe alleged testimony or other statements by Wright; however, this ambiguity is not relevant to the issues now before the Court.

at the time of trial. (¶ 64). Without any factual basis, the Complaint alleges the "individual defendants" agreed to suppress or conceal the CCH Report. (¶ 65).

Plaintiff alleges that Defendant DeMattia made various affirmative statements during the trial about Ms. Wright's credibility to the jury and did not mention that Ms. Wright was the subject of a then-open criminal matter. (¶¶ 57-59, 68). Plaintiff further alleges that the "individual defendants" did not disclose the CCH Report "[s]ubsequent to conclusion of Miller's trial in 2005, and through 2023." (¶ 69). Plaintiff alleges that this non-disclosure affected the underlying judicial proceedings. (¶ 70).

The only allegations specific to Defendant Muhammad allege he was the Newark police detective assigned to investigating the underlying murder and wounding and further, that during the investigation, he was the individual who canvassed for people present during the shooting identifying two witnesses, including Ms. Wright. (¶¶ 37-38). There are no other allegations alleging conduct by Defendant Muhammad specifically.

With respect to Defendant City of Newark, Plaintiff alleges that the City failed to train its officers "with respect to the proper procedure for honoring and not violating or abridging the Constitutional rights of persons being investigated for having committed a criminal offense" or alternatively, if the City had such a policy or program in place, it was inadequate and that lack or inadequacy in and of itself

constitutes deliberate indifference by the City (¶¶ 29-31).

Under Count IV, however, the Complaint reframes the *Monell* claim and alleges the City did not train, supervise or discipline its officers concerning a police officer's duty to disclose *Brady* evidence (¶ 113) and then further reframes the claim to allege Newark did not adopt a policy, practice or procedure requiring police officers to provide *Brady* evidence to a defendant on trial. (¶ 115). Finally, Count IV alleges deliberate indifference on the part of the City based on conclusory and/or seemingly unrelated assertions that Newark policymaking officials knew that police officers often functioned as essential witnesses in criminal prosecutions and faced lawsuits for claims of other alleged misconduct wholly unrelated to the claims at issue here. (¶ 114).

## **ARGUMENT**

### I.    **PURSUANT TO FED. R. CIV. P. 12(b)(6), PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR WHICH RELIEF CAN BE GRANTED.**

The Complaint should be dismissed against the City Defendants pursuant to *F.R.C.P.* 12(b)(6) because the Complaint fails to allege any specific factual allegations that could plausibly show the City Defendants are liable on any of the causes of action asserted against them. The purpose of a *F.R.C.P.* 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint. *See Sturm v. Clark*, 835 F.2d 1009, 1011 (3d. Cir. 1987). While Rule 8 "does not require 'detailed factual

allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (*citing Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads *factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" *Id.* at 678 (emphasis added). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The Supreme Court in *Iqbal* expressly guided that a Section 1983 plaintiff must plead that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676.

The Third Circuit applies *Iqbal* by requiring a district court to conduct a two-part analysis when considering a motion to dismiss. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Under the first prong of the analysis, the factual

and legal elements of a claim must be separated and only the well-pled facts are to be accepted as true while any conclusory allegations should be disregarded. *See id.* at 210-11.  The second prong of the analysis requires that a court determine whether the well-pled facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *See id.* at 211 (citations omitted).  Where the well-pled facts do not permit the court to infer more than the mere possibility of misconduct, the allegations are insufficient to withstand a motion to dismiss. *See id.* Any application of these standards to the instant pleading indisputably shows the Complaint falls woefully short of pleading any plausible constitutional violation by the City Defendants.  As such, the Complaint should be dismissed as to the City Defendants in its entirety.

## II.    THE COMPLAINT FAILS TO ALLEGE ANY SPECIFIC CONDUCT BY DEFENDANT MUHAMMAD THAT CAN PLAUSIBLY STATE CONSTITUTIONAL VIOLATIONS, WARRANTING DISMISSAL OF CLAIMS AGAINST THE CITY DEFENDANTS AS A MATTER OF LAW.

The Complaint must be dismissed as a matter of law because the bare and conclusory allegations do not demonstrate with any plausibility that Defendant Muhammad engaged in conduct that could give rise to liability on any of the constitutional claims asserted against the City Defendants.  The only factual assertions that allege conduct by Defendant Muhammad specifically, allege only that: Muhammad was assigned as a "co-chief" of the underlying criminal

investigation (¶ 37); and he canvassed the people present for the shooting and identified two witnesses (¶ 38). Invariably, these are the only specific allegations of conduct by Defendant Muhammad and appear to describe only proper conduct by an investigating police officer.

Other than these specific allegations, Plaintiffs improperly attempt to skirt their pleading requirements by making several non-specific allegations of conduct by the so-called group of "individual defendants" defined in the Complaint as Defendants Muhammad,[3] Defendant DeMattia and fictitiously named individuals or entities who may be liable for Plaintiff's damages and may or may not be entities or individuals such as agents and servants of the Newark PD, Essex County, the State of New Jersey or the like. (¶ 20, 25.) Because only a defendant who is personally responsible for depriving the plaintiff of a constitutional right may be held liable under § 1983 (s*ee Rizzo v. Goode*, 423 U.S. 362, 375-77 (1976); *Chinchello v. Fenton*, 805 F.2d 126, 133-34 (3d Cir. 1986)), this kind of group and vague pleading is improper and should be disregarded. Clearly, these well-pled allegations do not and cannot state a constitutional claim of misconduct by Defendant Muhammad.

However, even if the Court were to credit the non-specific and vague

---

[3] The caption of the Complaint identifies Defendant Murad Muhammad by his first and last name and the text of the complaint refers to him as "Murad" or Defendant Murad. In conformity with general practice, this brief and accompanying moving papers will refer to Defendant Murad Muhammad by his last name or "Defendant Muhammad."

allegations asserting conduct by Defendant Muhammad (which it should not), the Complaint is still facially deficient as to any plausible constitutional violation by Defendant Muhammad, as they allege only that the so-called "individual defendants" ordered and received the CCH Report in or about February 2005 and did not disclose the existence of the CCH Report any time *after the trial* through 2023. (¶ 62, 69).

At the root of all of Plaintiffs' constitutional claims in this suit is Plaintiffs' allegation that his constitutional rights were violated by the alleged non-disclosure of the CCH Report to his defense counsel in connection with the 2005 murder trial, and that he had a constitutional right to such disclosure under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). However, these claims fail as to the City Defendants as a matter of law because there is no constitutional obligation for a police officer to provide the defense with evidence during or after trial.

The Third Circuit's decision in *Gibson v. Superintendent of N.J. Dep't of Law and Public Safety* is particularly instructive on this point. 411 F.3d 427 (3d Cir. 2005). Clarifying a police officer's duty under the progeny of *Brady/Giglio*, the Third Circuit holds that "police officers and other state actors may be liable under § 1983 for failing to disclose exculpatory information *to the prosecutor*." *Id.* at 443 (emphasis added) ("Although *Brady* places the ultimate duty of disclosure on the prosecutor, it would be anomalous to say that police officers are not liable when they

affirmatively conceal material evidence *from the prosecutor*.").  While the *Gibson* Court clarified and held that a police officer has a *Brady* obligation of disclosure *to the prosecutor*, it is significant to note that the *Gibson* decision itself was not issued until June 14, 2005, and the Court further found that the defendant-officers there, who did not disclose the underlying evidence to even the prosecutor, were entitled to qualified immunity for their conduct because prior to its decision, a police officer's duty to disclose exculpatory evidence even to the prosecutor was not clearly established. *Id.* at 444.

Here, the Complaint does not allege that Defendant Muhammad withheld any evidence from the prosecutor and thus, does not allege a *Brady* violation by Defendant Muhammad.  Because the alleged *Brady* violation is the basis for all alleged constitutional violations by the City Defendants in this matter, the Complaint fails to allege any claims for which relief can be granted as to the City Defendants and must be dismissed as a matter of law.

## III.    DEFENDANT MUHAMMAD IS ENTITLED TO QUALIFIED IMMUNITY.

Notwithstanding the above, Defendant Muhammad's actions in this case, though only vaguely described in the Complaint, are covered by the doctrine of qualified immunity.  Qualified immunity precludes suits against government officials performing discretionary functions when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person

would have known. *Wilson v. Layne*, 526 U.S. 603, 609 (1999). "Qualified immunity balances two important interests—the need to hold public official accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A qualified immunity defense will be upheld on a motion to dismiss "when the immunity is established on the face of the complaint." *Ecurie Reve Avec Moi Inc. v. N.J. Racing Comm'n*, 767 Fed. Appx. 233, 237 (3d Cir. 2019).

The evaluation of qualified immunity requires a two-pronged analysis. *See Saucier v. Katz*, 533 U.S. 194 (2001). A court must first determine whether "[t]aken in the light most favorable to the party asserting the injury, could a constitutional violation have occurred on the facts alleged?" *Wright v. City of Philadelphia*, 409 F.3d 595, 600 (3d Cir. 2005) (*citing Saucier*, 533 U.S. at 201). If no constitutional violation can be found on the alleged facts, qualified immunity should be granted. *Saucier*, 533 U.S. at 201. If a constitutional violation may be gleaned, the court must next consider whether "a reasonable officer could have believed that his or her conduct was lawful, in light of the clearly established law and the information in the officer's possession." *Sharrar v. Felsing*, 128 F.3d 810, 826 (3d Cir 1997) (*citing Hunter v. Bryant,* 502 U.S. 224, 227 (1991)). A court should not deprive police

officers of their immunity unless the law existing at the time clearly proscribed the actions they took. *Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985).

Significantly, the *Gibson* Court expressly found that a police officer's duty to turn over exculpatory or *Brady* evidence is limited to the disclosure of any such evidence from the police *to the prosecutor* and that prior to its holding on June 11, 2005, even that duty had not been clearly established. *See,* 411 F.3d at 443-44.

Here, Plaintiffs allege Defendant Muhammad, a Newark police detective, investigated a murder and identified two witnesses as part of that investigation. This is the only specific conduct alleged to have been done by Defendant Muhammed. Indisputably, these allegations do not demonstrate that Defendant Muhammad violated a clearly established constitutional right. However, even if the Court were to credit Plaintiffs' non-specific and improperly pled allegations referring to alleged conduct by a group of defendants referred to as the "Individual Defendants," Defendant Muhammad is still entitled to qualified immunity on the face of the Complaint because he had no duty to produce the CCH Report to Plaintiffs' trial counsel and there is no allegation that he was even involved in the underlying trial, that he specifically possessed the report and was in a position to produce it, or that he otherwise withheld the report from the prosecution. Accordingly, as the Complaint does not allege a constitutional violation by Defendant Muhammad, he is still entitled to qualified immunity as to all of constitutional claims asserted against

him.

For these reasons, the Plaintiffs' claims should be dismissed against him as a matter of law.

## IV.    ADDITIONALLY, THE COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE CLAIMS FOR DENIAL OF DUE PROCESS, DENIAL OF THE RIGHT TO A FAIR TRIAL AND MALICIOUS PROSECUTION UNDER THE FEDERAL PLEADING STANDARDS.

### A.    Plaintiffs fail to assert a plausible § 1983 claim for denial of due process, liberty, and a fair trial under the Fourth, Fifth, Sixth and Fourteenth Amendments as against Defendant Muhammed.

Plaintiffs' Complaint fails to demonstrate a plausible § 1983 claim for denial of due process, liberty, and a fair trial under the Federal pleading standards.  Count I asserts a due process claim under various federal Constitutional Amendments. Preliminarily, the Fifth Amendment cannot be stated as against State or local actors and this and all counts alleging a Fifth Amendment violation against the City Defendants, should be outright dismissed. *See Nguyen v. U.S. Cath. Conf.*, 719 F.2d 52, 54 (3d Cir. 1983).  Additionally, Plaintiff makes no showing at all of an alleged Sixth Amendment violation.

"To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law."

*Hill v. Borough of Kutztown*, 455 F.3d 225, 233-234 (3d Cir. 2006).

Here, Plaintiffs do not and cannot sufficiently assert any factual allegations tending to show that the City Defendants deprived Plaintiff Miller of due process, and thus, Count I must be dismissed.

### B. Plaintiffs fail to assert a plausible § 1983 malicious prosecution claim under the Fourth, Fifth and Fourteenth Amendments against Defendant Muhammed.

Plaintiffs' Complaint fails to demonstrate a plausible § 1983 claim for malicious prosecution under the Federal pleading standards.

> "To prevail on a Section 1983 [ ] malicious prosecution action, a plaintiff must show: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding."

*DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (*citing Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).[4]  To hold a police officer liable for malicious prosecution, a plaintiff must demonstrate he "influenced or participated in the decision" to initiate criminal proceedings by, for example,

---

[4] Count II must be analyzed within the framework of the Fourth Amendment as the Fifth Amendment is applied in the federal context and several courts within the Third Circuit have held there is no clearly established right against malicious prosecution under the Fourteenth Amendment. *See Black v. Montgomery Cnty.,* 835 F.3d 358, 365-66 (3rd Cir. 2016).

concealing or misrepresenting material facts to the prosecutor. *Halsey v. Pfeiffer*, 750 F.3d 273, 297 (3d Cir. 2014).

Here, the Complaint does not allege facts sufficient to satisfy the elements of a malicious prosecution claim against Defendant Muhammad. Specifically, the Complaint is completely devoid of any factual allegations asserting or demonstrating Defendant Muhammad lacked probable cause or engaged in any misconduct with regard to his investigation or identification of witnesses to the underlying murder. The Complaint does not even allege Defendant Muhammad took any specific actions to initiate a criminal proceeding against Plaintiff. Significantly, the Complaint also does not allege Muhammad failed to provide the CCH Report to the prosecutor, but rather readily admits and asserts that the prosecutor had the CCH Report at the time of the underlying trial. Accordingly, Count II must be dismissed as to the City Defendants.

### C.    Plaintiffs fail to assert a plausible § 1983 claim for denial of due process and a fair trial under the Fifth and Fourteenth Amendments as against Defendant Muhammad.

Likewise, Plaintiffs does not and cannot sufficiently establish a violation of his right to a fair trial based on the alleged *Brady* violation as to the City Defendants. With regard to the duty to disclose *Brady* evidence as part of the constitutional right to a fair trial, the Third Circuit further guides:

> The purpose of *Brady* is not to require the prosecution to disclose all possibly favorable evidence to the defense …

15

."). Instead, *Brady* establishes a constitutional floor for prosecutorial conduct, requiring the government to provide the defendant, at a minimum, with exculpatory information for the purpose of ensuring that the defendant receives a fair trial. It therefore focuses on safeguarding the defendant's due process rights and regulates *prosecutorial conduct only to the extent necessary to protect that right.*

*Maynard v. Gov't of the Virgin Islands,* 392 Fed. Appx. 105, 115 (3rd Cir. 2010) (citation omitted) (*citing United States v. Starusko*, 729 F.2d 256 (3rd Cir. 1984) (characterizing *Brady* as a "minimum prosecutorial obligation")).

Additionally, non-disclosure alone is not sufficient to form the basis of a successful *Brady* violation of the right to a fair trial. *See United States v. Brown*, 595 F.3d 498, 509 (3d Cir. 2010) (stating that courts evaluate the merits of an alleged *Brady* violation "irrespective of the good faith or bad faith of the prosecution" (*quoting Brady*, 373 U.S. at 87)). There must also be a showing that the undisclosed evidence is material, *i.e.*, that there is a reasonable probability it would have changed the outcome of his trial or will change the outcome on remand. *See Cone v. Bell*, 556 U.S. 449, 469-70 (2009).

As the foregoing shows, an alleged violation of the right to a fair trial for suppression of alleged *Brady* evidence cannot be stated against Defendant Muhammad because there is no duty under *Brady* for an investigating police officer to produce evidence to the defendant or defense counsel and the Complaint does not allege that Defendant Muhammad withheld the report from the prosecution. *See,*

*supra.* Accordingly, Plaintiffs do not and cannot sufficiently state a constitutional violation of Plaintiffs' right to a fair trial on these facts and Count III must be dismissed as to the City Defendants.

### V.    COUNT FOUR ALLEGING *MONELL* LIABILITY AGAINST THE CITY MUST BE DISMISSED BECAUSE PLAINTIFF CANNOT ESTABLISH CONSTITUTIONAL VIOLATION OR OTHERWISE STATE THE CLAIM.

Plaintiffs have similarly failed to sufficiently set forth a claim for municipal liability under *Monell*. For a municipality to be liable for an alleged constitutional violation, the constitutional violation must have occurred pursuant to an official municipal policy or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 701 (1978); *Bielevicz v. Dubinon*, 915 F.2d 845, 849-50 (3d Cir. 1990). A policy or custom can be established in two ways: (1) when a "decision maker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict" and (2) when a course of conduct is "so permanent and well settled as to virtually constitute law." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990); *see also Brown v. Muhlenberg Twp.*, 269 F.3d 205, 215 (3d Cir. 2001).

A plaintiff seeking to assert municipal liability under Section 1983 must also demonstrate a direct causal link between the purported municipal policy or custom or failure to train and the alleged constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Brown*, 269 F.3d at 214. The required causation cannot

be attenuated; a plaintiff must establish that the policymaker's actions or lack thereof "directly caused [the] constitutional harm." *Gottlieb ex rel. Calabria v. Lauren Highlands Sch. Dist.*, 272 F.3d 168, 175 (3d Cir. 2001); *see also Woloszyn v. Cty. of Lawrence*, 396 F.3d 314, 325 (3d Cir. 2005). At the very least, a plaintiff is required to establish "an affirmative link between the municipality's policy and the particular constitutional violation alleged." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 809 (1985).

A *Monell* claim may also be based on allegations of a municipality's failure to train/inadequate training. Under the "failure-or-inadequacy" theory of liability, a plaintiff need not plead "an unconstitutional municipal policy or custom" but must show through well-pled factual allegations "a failure or inadequacy amounting to deliberate indifference on the part of the municipality." *Forrest v. Parry*, 930 F.3d 93, 105-06 (3rd Cir. 2019). "A plaintiff sufficiently pleads deliberate indifference by showing that (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Estate of Roman*, 914 F.3d 789, 798 (3d Cir. 2019); *see also Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("[W]hen city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the

city may be deemed deliberately indifferent if the policymakers choose to retain that program.").

In *Rios v. City of Bayonne*, the District Court dismissed a *Monell* claim finding the plaintiff pled only formulaic assertions of the elements of the claim. No. 2:12-4716, 2013 U.S. Dist. LEXIS 161082, *29-30 (D.N.J. Nov. 12, 2013). There, the Court found that the plaintiff's unsupported allegations that the defendant municipality failed to properly train or supervise its employees to prevent unlawful conduct were insufficient to withstand dismissal. *Id.* The Court noted the *Rios* complaint failed to properly identify the practice or custom, failed to allege any facts to show that decision-makers were aware of similar unlawful conduct, the source of any problematic policy or custom, any other similar instances of misconduct, or that any such failure caused the plaintiff's injury. *Id.*

Similarly, the Complaint at issue here lacks allegations sufficient to state a *Monell* claim against the City under the Federal pleading standards. Preliminarily, Plaintiffs have not even alleged a constitutional violation by the City Defendants and for that reason alone, the claim should fail as a matter of law. That is, when analyzing Plaintiffs' affirmative *Monell* claim – *i.e.,* that the City had implemented inadequate policies relating to a police officer's *Brady* obligations – the claim fails because there are simply no factual allegations to support this claim at all. This failure amounts to

19

Plaintiff's inability to demonstrate a claim under the standards set forth in *Iqbal*, *Twombly*, and *Fowler*.

Plaintiffs' failure-to-train theory of the *Monell* claim likewise fails because the Complaint asserts only a formulaic recitation of the elements of the claim. Plaintiff does not point to a single fact that could plausibly demonstrate the City's policy with regard to police officers' *Brady* obligations were inadequate or that the City acted with deliberate indifference to his *Brady* rights. This, too, amounts to a failure to meet the pleading standards under the dominating case law.

For these reasons, Plaintiffs' claims for municipal liability against the City fail, and should accordingly be dismissed.

## CONCLUSION

For the foregoing reasons, the City Defendants' motion to dismiss Plaintiffs' Complaint pursuant to F.R.C.P. 12(b)(6) should be granted.

**LITE DEPALMA GREENBERG & AFANADOR, LLC**

Dated: January 31, 2025        /s/*Nicholas R. McClelland*
Nicholas R. McClelland, Esq.
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel: 973-623-3000
nmcclelland@litedepalma.com
*Attorneys for Defendants, City of Newark and Murad Muhammad*